IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DOLE FOOD COMPANY, INC., | § | No. 58, 2015 |
| | § | |
| Respondent Below-<br>Appellant, | § | |
| | § | |
| v. | § | |
| | § | |
| MERION CAPITAL LP, MERION | § | |
| CAPITAL II, LP, MAGNETAR | § | Court Below—Court of Chancery |
| CAPITAL MASTER FUND LTD., | § | of the State of Delaware, |
| MAGNETAR GLOBAL EVENT | § | Consol. C.A. No. 9079 |
| DRIVEN MASTER FUND LTD., | § | |
| SPECTRUM OPPORTUNITIES | § | |
| MASTER FUND LTD., BLACKWELL | § | |
| PARTNERS LLC, HUDSON BAY | § | |
| MASTER FUND LTD., HUDSON | § | |
| BAY MERGER ARBITRAGE | § | |
| OPPORTUNITIES MASTER FUND | § | |
| LTD., and RIPE HOLDINGS LLC, | § | |
| | § | |
| Petitioners Below-<br>Appellees. | § | |

Submitted: February 16, 2015
Decided: February 17, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 19th day of February 2015, upon consideration of the notice of interlocutory appeal, the motion for stay, and the motion to expedite, it appears to the Court that:

(1) The respondent-appellant, Dole Food Company, Inc. ("Dole"), has petitioned this Court, under Supreme Court Rule 42, to accept an appeal from an interlocutory order of the Court of Chancery, dated January 21, 2015, denying Dole's motion for summary judgment in the pending appraisal action filed under 8 *Del. C.* § 262. Dole sought a determination that petitioners, Hudson Bay Master Fund Ltd., Hudson Bay Merger Arbitrage Opportunities Master Fund Ltd., and Ripe Holdings LLC ("Certain Petitioners"), as beneficial owners of Dole stock, must show that the beneficial owners from whom they acquired their shares did not vote in favor of the challenged take-private merger of Dole by its majority stockholder, David Murdock.

(2) Dole filed its application for certification to take an interlocutory appeal in the Court of Chancery on January 30, 2015. The Court of Chancery denied the certification application on February 13, 2015 because, among other reasons, even if Dole were correct about the need to "vote trace" Certain Petitioners' shares, not all of the shares in the appraisal class were subject to Dole's vote-tracing claim. Therefore, interlocutory review of the Court of Chancery's summary judgment ruling as to Certain Petitioner's shares would not obviate the need for an appraisal action.

(3)    Applications for interlocutory review are addressed to the sound discretion of this Court and are granted only in exceptional circumstances. In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the requirements of Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED. The motion to expedite and the motion to stay pending appeal are both MOOT.

BY THE COURT:

_____
Justice